IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YONA FETWI SAMA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 26-3017-JWL |
| ) | |
| C. CARTER, Warden, FCI-Leavenworth; ) | |
| KRISTI NOEM, DHS Secretary; ) | |
| Unknown Deportation Officer; ) | |
| TODD LYONS, ICE Acting Director; and ) | |
| PAM BONDI, Attorney General, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **April 6, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Eritrea who was admitted to the United States in 2007 and who became a lawful permanent resident in 2009. In 2020 and 2021, petitioner was convicted of various offenses in federal and state courts. In March 2025, immigration officials detained petitioner and initiated removal proceedings. On June 11, 2025, an immigration judge denied petitioner's applications for relief and ordered his removal to

Eritrea.  Petitioner appealed that decision, but on July 24, 2025, his appeal was dismissed at his request.  Petitioner is presently detained within this judicial district.  On January 27, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper.  To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A).  As the parties appear to agree, petitioner's removal period began on July 24, 2025, when petitioner's appeal was dismissed and his removal order thus became final.  *See id.* § 1231(a)(1)(B)(i).  Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision.  *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)).  The Court held, however, that "once removal is no longer reasonably foreseeable,

2

continued detention is no longer authorized by the statute." *See id.* at 699. The Court

elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a

presumptively-reasonable detention period of six months in which to accomplish removal,

after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

3

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at \*2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at \*2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at \*2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Eight months have now passed since the start of the removal period, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court.  Petitioner has not been removed in that period, nor has a travel document been secured for petitioner in that time (and respondents do not dispute that a travel document is required in this case).  In response to a request for a travel document, Eritrean officials stated that they needed more information concerning petitioner's identity; and those officials have not indicated that the additional information submitted is sufficient or that a travel document will be issued, nor have they suggested a timeframe for their decision.

The Court further finds that respondents have not rebutted that showing by petitioner.  The Court does not question immigration officials' diligence in submitting applications to Eritrea and in providing additional information as requested.  Nevertheless, respondents have not shown that petitioner's removal in the reasonably foreseeable future is likely.  Respondents' declarant states that she is aware of two aliens that have been successfully removed to Eritrea with travel documents.  In one case, however, the alien already had the necessary travel documents, and thus evidence of that removal is not

particularly helpful.  In the other instance, the travel documents were received from Eritrea within approximately four months.  Respondents have not shown that that case is sufficiently similar to the present case, however, in which Eritrea has stated that it lacked any information concerning petitioner.  Five months have now passed since officials provided additional information (consisting solely of petitioner's grandparents' names), and still no response has been received.  It is just as likely that that delay (beyond the four-month period in the one other case involving a request for travel documents from Eritrea) means that obstacles remain for the issuance of travel documents for petitioner, and does not mean that receipt of the documents (and subsequent removal) is imminent.  In the absence of evidence suggesting that travel documents will be issued in the near future, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have failed to obtain travel documents and remove petitioner to Eritrea in the eight months since the beginning of the removal period, petitioner will nonetheless be removed to that country in the reasonably foreseeable future.  Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision.  *See Zadvydas*, 533 U.S. at 700.  The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **April 6, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents shall release

petitioner from custody, subject to an appropriate order of supervision, by **April 6, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 26th day of March, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6